## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| REDDY PARTNERSHIP | § | REMOVED FROM |
| SOUTHWEST TERRACE, DBA | § | CAUSE NO. CV49922 |
| SOUTH TERRACE APARTMENTS, | § | 329TH JUDICIAL DISTRICT |
| | § | WHARTON COUNTY |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:17-cv-03432 |
| EVEREST INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | JURY |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant Everest Indemnity Insurance Company, who, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, hereby removes to this Court the civil action now pending in the 329th Judicial District Court in Wharton County, Texas, entitled "Reddy Partnership Southwest Terrace, d/b/a South Terrace Apartments v. Everest Indemnity Insurance Company," Cause No. CV49922, on the following grounds:

## I.   PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.     Plaintiff Reddy Partnership Southwest Terrace, d/b/a South Terrace Apartments ("Plaintiff") brought suit against Defendant Everest Indemnity Insurance Company in Wharton County, Texas on July 11, 2017.  The District Clerk

of Wharton County gave this case cause number CV49922 and assigned the case to the 329th Judicial District.  (Pl.'s Orig. Pet., Ex. A-2)

2.     Citation and Plaintiff's Original Petition were served on Everest via the Texas Commissioner of Insurance on October 16, 2017. A copy of the Petition, and the related process papers served upon Everest are attached hereto as Exhibits A-2 and A-11. No other pleadings have been served upon Everest.

3.     This notice of removal is being filed within 30 days of the date on which Everest received a copy of this petition through service or otherwise and has been filed within one year of commencement of this action. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## II.     FACTUAL BACKGROUND

4.     In Plaintiff's Original Petition, Plaintiff asserts a variety of different causes of action against Defendant arising out of Everest's alleged failure to pay what Plaintiff alleges are the full amount of damages sustained at Plaintiff's apartment complex in Wharton, Texas, arising out of a storm event on or about April 26, 2015. (Ex. A-2 at 3)

5.     The Defendant

a.     Everest is the insurer, and issued the policy on which plaintiff is suing.

6.     More specifically, Plaintiff asserts the following causes of action against Everest:

> a.     Violations of the Texas Insurance Code;
>
> b.     Violations of the Texas Prompt Pay Act;
>
> c.     Breach of Contract;
>
> d.     Breach of Duty of Good Faith and Fair Dealing;
>
> e.     Violations of the Texas Deceptive Trade Practices Act; and
>
> f.     Fraud.

(Ex. A-2 at 6-10)

7.     On November 7, 2017, Defendant Everest answered in state court and denied Plaintiff's allegations. (Ex. A-12).

### III.   BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

**A.   The requirements for diversity removal jurisdiction.**

8.     To establish diversity removal jurisdiction, Everest must show that: (1) complete diversity exists between all the properly joined parties; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) removal is timely.

**B.   Everest satisfies all three requirements for diversity removal.**

**1.   Complete diversity exists between the parties.**

9.     Complete diversity exists between Plaintiff and Everest. Plaintiff appears to be a Texas partnership. In its Petition, Plaintiff states that it resides in

Wharton County, Texas. (Ex. A-2 at 1) Everest was unable to locate filing information for "Reddy Partnership Southwest Terrace" with the Texas Secretary of State; however, based upon Plaintiff's own representation of its residence, and further upon information and belief, Everest believes that Plaintiff is a Texas resident for diversity jurisdiction purposes.

10.     Everest is organized under the laws of the State of Delaware and maintains its principal place of business in the State of New Jersey.

11.     Because Plaintiff is a Texas resident and Everest is a resident of both Delaware and New Jersey, complete diversity exists between the parties.

## 2.     The Amount in Controversy Exceeds $75,000.00 Exclusive of Interest and Costs.

12.     Plaintiff alleges in its petition a loss in excess of in excess of $1,000,000. (Ex. A-2 at 13). It is evident that Plaintiff seeks an amount in excess of $75,000.00, excluding interest and costs.  As such the statutory requirement for the amount in controversy in this case is satisfied. *See* 28 U.S.C. § 1332(a).

## 3.     This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3).

13.     As noted above, this notice of removal is being filed within 30 days of the date on which Everest received a copy of this petition through service or otherwise and has been filed within one year of commencement of this action. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

4

## IV.   EVEREST HAS SATISFIED PROCEDURAL AND <u>VENUE REQUIREMENTS FOR REMOVAL</u>

14.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 1441, and 1446 because there is diversity of citizenship between the parties, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the removal is timely filed.

15.    As required by 28 U.S.C. § 1446(a), copies of all processes, pleadings, orders, docket sheet, and other papers for this case on file in the 329th District Court of Wharton County, Texas are attached collectively as Exhibit A. (*See* Ex. B, Index)

16.    Wharton County, Texas is located within the Southern District of Texas, Houston Division. Venue for this action is proper in this Court because the Southern District of Texas, Houston Division is "the district and division embracing the place where such action is pending."   28 U.S.C. §§ 1441(a) and 1446(a).

17.    Immediately upon filing this Notice of Removal, written notice of the filing of this Notice will be served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

18.    Defendant will promptly file a notice of this Notice of Removal and a copy of this Notice with the Wharton County District Clerk's office as required by 28 U.S.C. § 1446(d).

19.    This Notice is signed by Everest's counsel pursuant to Fed. R. Civ. P. 11, as indicated by the "/s/ Andrew C. Nelson" on the signature block below.

## V.     JURY DEMAND

20.     Plaintiff demanded a jury trial in the state court action.

## VI.     CONCLUSION

This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, Defendant Everest Indemnity Insurance Company gives notice that the matter bearing CV49922 in the 329th Judicial District of Wharton County, Texas is removed to the United States District Court for the Southern District of Texas, Houston Division. Defendant requests that this court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted,

*/s/ Andrew C. Nelson*

ANDREW C. NELSON
Attorney-in-Charge
State Bar No. 24074801
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas  77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320
nelson@wrightclose.com

**ATTORNEY FOR DEFENDANT
EVEREST INDEMNITY INSURANCE
COMPANY**

6

OF COUNSEL:

J. Andrew Love
State Bar No. 24007571
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas  77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320
love@wrightclose.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on all counsel of record in this case on November 9, 2017 electronically through the electronic filing manager and also by certified mail, return receipt requested.

*/s/ Andrew C. Nelson*
Andrew C. Nelson